UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

EMILY KAPELLUSCH
1517 Ames Street
Neenah, Wisconsin 54956

   Plaintiff,

  v.

BOLD SALONS LLC
207 West College Avenue
Appleton, Wisconsin 54911

  and

ABIGAIL FAITH KUEHL
207 West College Avenue
Appleton, Wisconsin 54911

   Defendants.

Case No.: 18-cv-843

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Emily Kapellusch, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants resides and/or operates its business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

4. Plaintiff, Emily Kapellusch, is an adult female resident of the State of Wisconsin with a post office address of 1517 Ames Street, Neenah, Wisconsin 54956.

5. Defendant, Bold Salons LLC, (hereinafter simply "Defendant Company"), was, at all material times herein, a commercial entity with a principal address of 207 West College Avenue, Appleton, Wisconsin 54911 (hereinafter simply Defendants' "Appleton, Wisconsin location").

6. Defendant Company is a salon.

7. During the relevant time periods as stated herein, Defendant Company was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant Company employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant Company's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendants was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA and the WWPCL.

12. Defendant, Abigail Faith Kuehl (hereinafter simply "Defendant Kuehl"), is an individual residing in the State of Wisconsin and has maintained, at all material times herein, a business address of 207 West College Avenue, Appleton, Wisconsin 54911.

13. Defendant Company is owned, operated, and managed by Defendant Kuehl.

14. During the relevant time periods as stated herein, Defendant Kuehl was an "employer" as that term is defined under the FLSA and/or the WWPCL.

15. During Plaintiff's employment with Defendants, Defendant Kuehl supervised Plaintiff's day-to-day activities.

16. During Plaintiff's employment with Defendants, Defendant Kuehl had the ability and authority to, and actually did, hire, terminate, promote, demote, and suspend Plaintiff.

17. During Plaintiff's employment with Defendants, Defendant Kuehl had the ability and authority to, and actually did, review Plaintiff's work performance.

18. During Plaintiff's employment with Defendants, Defendant Kuehl established the work rules, policies, and procedures by which Plaintiff abided in the workplace.

19. During Plaintiff's employment with Defendants, Defendant Kuehl controlled the terms and conditions of Plaintiff's employment.

20. During Plaintiff's employment with Defendants, Defendant Kuehl established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

21. During Plaintiff's employment with Defendants, Defendant Kuehl tracked and recorded Plaintiff's hours of work.

22. On or about March 28, 2017, Defendants hired Plaintiff as a Front Desk Coordinator.

23. During Plaintiff's employment with Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce.

24. During Plaintiff's employment with Defendants and in furtherance of her job duties and responsibilities as part of Defendants' business practice, Plaintiff engaged in interstate telephone communications and/or e-mail correspondence with Defendants' customers and prospective customers.

25. During Plaintiff's employment with Defendants, Plaintiff reported directly to Defendant Kuehl.

26. During Plaintiff's employment with Defendants, she primarily performed work at Defendants' Appleton, Wisconsin location.

27. During Plaintiff's employment with Defendants, Plaintiff performed compensable work at Defendants' Appleton, Wisconsin location on behalf of and/or at the direction of Defendants.

28. During the entirety of Plaintiff's employment with Defendants, Defendants compensated Plaintiff with an hourly rate of pay.

29. During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee.

30. During the entirety of Plaintiff's employment with Defendants, Defendants compensated Plaintiff for work performed via bi-weekly direct deposits.

31. During the entirety of Plaintiff's employment with Defendants, Defendants' agreement with Plaintiff was to compensate her at her hourly rate of pay for any and all work performed.

32. During Plaintiff's employment with Defendants, she customarily and normally worked approximately thirty (30) to thirty-five (35) hours per week.

33. On or about May 4, 2018, Plaintiff provided Defendants with notice of her resignation.

34. On or about May 4, 2018 was Plaintiff's last day of work at Defendants.

35. Upon information and belief, Defendants did not have an established workweek for FLSA and WWPCL purposes.

36. Between approximately April 17, 2018 and May 4, 2018, Plaintiff performed approximately ninety-two (92) hours and forty-three (43) minutes of work at Defendants' Appleton, Wisconsin location.

37. Between approximately April 17, 2018 and May 4, 2018, Plaintiff performed approximately ninety-two (92) hours and forty-three (43) minutes of work at Defendants' Appleton, Wisconsin location with Defendant Kuehl's knowledge and/or at Defendant Kuehl's direction.

38. As of April 2018 and May 2018, Defendants compensated Plaintiff with an hourly rate of $10.50 for any and all hours worked and work performed.

39. Defendants did not compensate Plaintiff for any hours worked or work performed between approximately April 17, 2018 and May 4, 2018.

40. Defendants did not compensate Plaintiff with at least a minimum wage of $7.25 per hour for all hours worked or work performed between approximately April 17, 2018 and May 4, 2018.

41. Defendants did not compensate Plaintiff with her previously agreed-upon hourly rate of pay, or $10.50 per hour, for all hours worked or work performed between approximately April 17, 2018 and May 4, 2018.

42. Between approximately April 17, 2018 and May 4, 2018 and as a result of Defendants' unlawful failure to compensate Plaintiff for all hours worked or work performed, Defendants owe Plaintiff a total monetary amount of approximately $973.525.

43. Between approximately April 17, 2018 and May 4, 2018, Defendants suffered or permitted Plaintiff to work without appropriately and lawfully compensating her for all (or any) hours worked in a workweek, in violation of the FLSA and WWPCL.

44. Defendants knew or should have known that, in accordance with the FLSA and the WWPCL, it must compensate Plaintiff at her regular rate of pay for all hours worked and work performed during workweeks when she performed compensable work.

45. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

46. Defendants owe Plaintiff approximately $973.525 in earned and unpaid wages for work performed during her employment with it between approximately April 17, 2018 and May 4, 2018 for which she was not properly and lawfully compensated, plus an equal amount for liquidated damages, in addition to attorneys' fees and costs and any other relief this Court deems necessary and proper.

# FIRST CAUSE OF ACTION – FLSA VIOLATIONS
## (MINIMUM WAGE)

47. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

48. Section 206(a)(1) of the FLSA regulates, among other things, the payment of an minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

49. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

50. Defendants intentionally violated the FLSA by not compensating Plaintiff with an effective hourly rate of at least $7.25 per hour for each hour worked during the workweeks between approximately April 17, 2018 and May 4, 2018.

51. Defendants' failure to properly and legally compensate Plaintiff for all compensable work performed between approximately April 17, 2018 and May 4, 2018was willfully perpetrated. Defendants have neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay minimum and overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

52. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wage compensation has been unlawfully withheld from Plaintiff by Defendants.

53. Plaintiff is entitled to damages equal to the mandated minimum wage within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendants.

54. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS
### (MINIMUM WAGE AND FAILURE TO PAY AN AGREED UPON WAGE)

55. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

56. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

57. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

58. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

59. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at a minimum wage and at the correct overtime rate of pay.

60. During Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for each hour worked during the workweeks between approximately April 17, 2018 and May 4, 2018.

61. During Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for all hours worked and work performed during the workweeks between approximately April 17, 2018 and May 4, 2018 at her normal and previously agreed-upon hourly rate of pay, or $10.50 per hour.

62. During Plaintiff's employment with Defendants and during the workweeks between approximately April 17, 2018 and May 4, 2018, Plaintiff was entitled to payments from Defendants at her agreed-upon wage, as defined in Wis. Stat. § 109.01(3), including at her normal and previously agreed-upon salary for all hours worked and work performed during said workweeks.

63. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

64. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

65. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to minimum wages, overtime wages, agreed-upon wages, and pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendants; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 4th day of June, 2018

                WALCHESKE & LUZI, LLC
                Counsel for Plaintiff

                ***s/ Scott S. Luzi***
                James A. Walcheske, State Bar No. 1065635
                Scott S. Luzi, State Bar No. 1067405
                Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
mtobin@walcheskeluzi.com