UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

EMILY KAPELLUSCH,

    Plaintiff,

v.                                                       Case No: 18-cv-843

BOLD SALONS LLC, *et. al.*

    Defendants

## DECLARATION OF SCOTT S. LUZI

    I, Scott S. Luzi, certify under penalty of perjury that the following is true and correct to the best of my knowledge and recollection:

    1.     The statements set forth in this declaration are made of my own personal knowledge and, if called as a witness, I could and would testify competently to the matters stated below.

    2.     I was admitted to the Bar of the State of Wisconsin in 2010. I am also admitted to practice before the United States District Courts for the Eastern and Western Districts of Wisconsin, as well as the United States Court of Appeals for the Seventh Circuit, and in the State of Minnesota. Most of my professional time and efforts have involved representing employees in employment matters, particularly wage and hour matters.

    3.     I worked as an Associate for the employment law firm of Heins Law Office LLC from approximately June 2010 to March 2012. In March 2012, I started my own law practice with Attorney James A. Walcheske. I am the co-founder and co-Managing Partner of Walcheske & Luzi, LLC.

4. I am a member of the Wisconsin Employment Lawyers Association, the National Employment Lawyers Association, the Wisconsin State Bar, and the Minnesota State Bar, among other legal and professional organizations.

5. Throughout my years of practice, I have represented hundreds of individuals and employees in employment law matters, including matters to recover unpaid wages under both state and federal law. My law practice for my entire professional career has been devoted to employment law, including wage and hour litigation in federal court.

6. I have represented Plaintiffs in individual and class/collective action wage and hour matters in the United States District Court for the Eastern and Western Districts of Wisconsin. I believe that I am experienced with complex federal wage and hour litigation because I have successfully represented numerous individuals in single-Plaintiff and multi-Plaintiff wage and hour actions.

7. I currently bill for my services at the rate of $350.00 per hour for any and all worked performed on employment law cases, including but not limited to wage and hour matters litigated under the Fair Labor Standards Act (FLSA) and Wisconsin Wage Payment and Collection Laws (WWPCL). This Court has previously approved my hourly rate of $350.00 as reasonable. *See Tabetha Rabetski v. Century Oaks of Appleton, Inc.,* Case No. 2017-cv-1453, ECF No. 21 (E.D. Wis. June 5, 2018) (Griesbach, J.) Further, other courts in this District have recognized $350.00 per hour as a reasonable hourly rate in FLSA cases. *See Gibbs v. Sasta Bazaar, Inc.*, No. 17-cv-1268-pp, 2018 WL 2012921, at *2 (E.D. Wis. Apr. 30, 2018); *Andrews v. Chevy Chase Bank FSB*, 706 F. Supp. 2d 916, 920–21 (E.D. Wis. 2010).

8. I am familiar with the market rate in Wisconsin for representation of plaintiffs in matters involving FLSA and WWPCL causes of action. I am also familiar with a plaintiff's ability to recover reasonable attorneys' fees and costs incurred in such litigation. With respect to individual wage and hour cases, I believe that my hourly rate is reasonable and representative of market rate for such services on these cases.

9. In late May 2018, I began working on this matter. At the outset of the case, our firm agreed to be responsible for all attorneys' fees and costs in the event of an adverse result and, to date, our firm has not received any compensation for its time spent on the case or reimbursement for its costs expended investigating, litigating, and resolving this matter.

10. On June 4, 2018, I filed the Complaint in this matter. (*See* ECF No. 1.) Among other things, Plaintiff's Complaint alleged that Plaintiff was owed wages by Defendants for work performed during her employment with Defendants between approximately April 17, 2018 and May 4, 2018 for which she was not properly and lawfully compensated, plus an equal amount for liquidated damages.

11. Also on June 4, 2018, I sent to Defendants via U.S Mail a Notice of Lawsuit, two copies of the Waiver of Service, a copy of the file-stamped Complaint, and a pre-paid means by which Defendants could have return an executed copy of a Waiver of Service. These documents, which are attached to my Declaration as **Exhibits A** and **B**, were not returned to me, so my understanding was that Defendants received them. Defendants did not return executed copies of the Waivers of Service to me within thirty (30) days of June 4, 2018.

12. In August 2018, our law firm contracted with a third-party service of process entity to serve the Summons and Complaint in this matter on Defendants. The invoices for the service charges on Defendants are attached to my Declaration as **Exhibit C**.

13. To date, I have devoted a total of 26.30 hours litigating and resolving this matter, comprised of the following: 6.6 hours meeting, communicating, and corresponding with Plaintiff regarding all aspects of the case, including settlement; 2.1 hours communicating and corresponding with opposing counsel regarding all aspects of the case, including settlement; 7.3 hours on pre-filing investigation, document review, and drafting and filing the Complaint and other initial filing documentation (Civil Cover Sheet, Summons, Disclosure Statement, Notice of Appearance; Magistrate Consent/Refusal Form); 0.7 hours drafting and sending the Notices of Lawsuit and Waivers of Service to Defendants; 0.9 hours communicating and corresponding with a process server regarding service of process on Defendants; 1.2 hours reviewing Defendants' Answer, affirmative defenses, and taking notes; 1.0 hours drafting, finalizing, and filing the parties' 26(f) report; 0.6 hours related to the Court's Scheduling Conference (reviewing the Court's Scheduling Conference notice, the Scheduling Conference minutes, and the Scheduling Conference Order; calendaring deadlines; preparing for and participating in the Scheduling Conference); 2.3 hours reviewing file documentation and drafting discovery requests; 0.3 hours drafting the Notice of Deposition for Defendant Abigail Faith Kuehl; 1.0 hours reviewing file documentation and drafting Plaintiff's Initial Disclosures; 0.8 hours reviewing Defendants' Initial Disclosures and corresponding documentation provided therein; and 1.5 hours drafting, finalizing, and filing the parties' Settlement Agreement and the Joint Motion for Court Approval of Settlement. Attached to my Declaration as **Exhibit D** is a true and accurate recording of the hours I spent litigating and resolving this matter, including date of work performed, description of work performed, and the amount of time it took to perform the work (in hours).

14. During the course of the litigation in this matter, our firm also spent a total of $481.26 in costs, which consisted of a $400.00 filing fee, $2.26 in postage for the Notices of Lawsuit and Waivers of Service, and $79.00 in service charges. The invoices for the service charges on Defendants are attached to my Declaration as **Exhibit C**.

15. I also devoted a total of one (1) hour preparing this Motion for Attorneys' Fees and Costs and the corresponding Brief and accompanying Declarations. I believe that this is in line and proportional to the total amount of time I spent litigating this matter, or 26.30 total hours. This ratio is approximately 3.8%.

16. I am the only lawyer at my law firm who is seeking reimbursement for time spent working on this matter.

17. I believe that I litigated this matter reasonably, efficiently, and effectively. I believe that through my efforts on this matter, I helped Plaintiff recover the earned and unpaid wages that she was entitled to for work performed during her employment with Defendants between approximately April 17, 2018 and May 4, 2018 and for which she was not properly and lawfully compensated, plus an equal amount for liquidated damages.

18. I also believe that this matter was sufficiently complex and uncertain to warrant the time and effort I expended in litigation until an accurate amount of wages owed to Plaintiff could be determined through the documentation and information that was given to me by Defendants' counsel (and that was exclusively in Defendants' possession). Specifically, the parties vigorously disputed the amount of wages owed to Plaintiff, and it was not until I received and thoroughly reviewed the relevant damages-related documentation and information provided by Defendants' counsel in the discovery phase of this case that the parties were ultimately able to resolve this matter.

19. Once the parties were able to agree on the appropriate amount of wages owed to Plaintiff by Defendants, I communicated with Defendants' counsel and worked with him directly to draft, finalize, execute, and file the Parties' Joint Motion for Court Approval of Settlement, (ECF No. 16), and the Parties' written Settlement Agreement. (ECF No. 16-1.)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of January, 2019.

                                                **s/ *Scott S. Luzi* \_\_\_\_**
                                                Scott S. Luzi