UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EMILY KAPELLUSCH,

    Plaintiff,

v.    Case No. 18-C-843

BOLD SALONS LLC, et al.,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Plaintiff Emily Kapellusch commenced this Fair Labor Standards Act (FLSA) and Wisconsin Wage Payment and Collection Law (WWPCL) action against Defendants Bold Salons LLC and Abigail Faith Kuehl on June 4, 2018. On December 6, 2018, the court approved the parties' proposed settlement agreement. Currently before the court is Kapellusch's motion for an award of attorneys' fees and costs. To date, Defendants have not filed a response to Kapellusch's motion. For the reasons that follow, Kapellusch's motion will be granted.

**LEGAL STANDARD**

Under the FLSA, the court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action" to a successful plaintiff. 29 U.S.C. § 216(b). "The touchstone for a district court's calculation of attorney's fees is the lodestar method, which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended." *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010) (citing *Schlacher v. Law Offices of Phillip J. Rotche & Assocs.*, 574 F.3d 852, 856 (7th Cir. 2009)). "If necessary, the district court has the flexibility to 'adjust that figure to reflect various factors including the complexity of the legal issues involved,

the degree of success obtained, and the public interest advanced by the litigation.'" *Id.* (quoting *Schlacher*, 574 F.3d at 856–57). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999). The party seeking the fee bears the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rate[s] are in line with those prevailing in the community." *Id.* Once this burden is satisfied, the burden shifts to the other party to offer evidence that sets forth "a good reason why a lower rate is essential." *Id.* (internal quotation marks and citations omitted). There is a "strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (internal quotation marks omitted); *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).

**B.    Lodestar Analysis**

As noted above, the lodestar analysis involves determining a reasonable hourly rate, the reasonable number of hours which should have been expended litigating the claims at issue, and then multiplying the two to determine the lodestar. The lodestar may then be adjusted for various reasons.

   **1.    Reasonable Hourly Rate**

Plaintiffs are requesting an hourly rate of $350.00 for Attorney Scott S. Luzi. An attorney's reasonable hourly rate is "derived from the market rate for the services rendered." *Pickett*, 664 F.3d at 640. The market rate is "'the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999) (quoting *Bankston v. State of Illinois*, 60 F.3d 1249, 1256 (7th Cir. 1995)). Courts, including this court, have approved the requested rate for Attorney

2

Luzi in similar cases, *Tabetha Rabetski v. Century Oaks of Appleton, Inc.*, No. 2017-cv-1453 (E.D. Wis. Wis. June 5, 2018); *Gibbs v. Sasta Bazaar, Inc.*, No. 17-cv-1268-pp, 2018 WL 2012921, at *2 (E.D. Wis. Apr. 30, 2018), and the submitted declarations show that the requested rate is in line with that normally charged for similar services by experienced attorneys. Johnson Decl., ECF No. 21 at ¶ 7; Mihelich Decl., ECF No. 22 at ¶ 7. Consequently, the court finds that Kapellusch has met her burden and that the requested rate is reasonable.

### 2. Reasonable Number of Hours Billed

Kapellusch is seeking an award based on 27.30 hours of billable work. Upon the review of the categorical breakdown included in Kapellusch's brief of how the time was spent, ECF No. 19 at 3–4, 10, and the itemized statement that provided a detailed breakdown of the hours worked, ECF No. 20-4, the court finds that 27.30 hours is a reasonable amount of hours for this case. Accordingly, the lodestar amount is $9,555.00 ($350.00 x 26.30 hours).

### 3. Adjustment of the Lodestar

Having concluded that the lodestar in this action is $9,205.00 based upon the hourly rates and number of hours worked, the court must now consider whether this amount should be adjusted upon "various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Schlacher*, 574 F.3d at 856–57. "'[T]he most critical factor in determining the reasonableness of the award is the degree of success obtained.'" *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997) (quoting *Farar*, 506 US. at 114) (internal quotation marks omitted) (per curiam).

Here, Kapellusch's counsel's efforts resulted in a total award of $1,132.86 for her. While it is difficult to determine the exact degree of success given that the parties reached a settlement,

3

there are no indications that Kapellusch's award was minimal. Although the amount of attorneys' fees may appear disproportionate to Kapellusch's award, the Seventh Circuit has "'rejected the notion that the fees must be calculated proportionally to damages.'" *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 545 (7th Cir. 2009) (quoting *Alexander v. Gerhardt Enters., Inc.*, 40 F.3d 187, 194 (7th Cir. 1994)). "'Given the nature of claims under the FLSA, it is not uncommon that attornenys fee requests will exceed the amount of the judgment in the case.'" *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955–56 (E.D. Wis. 2003) (collecting cases) (quoting *Holyfield v. F.P. Quinn & Co.*, No. 90 C 507, 1991 WL 65928, at *1 (N.D. Ill. Apr. 22, 1991)). Further, Defendants failure to file a memorandum in opposition to this motion is "sufficient cause for the Court to grant the motion." Civil L.R. 7(d) (E.D. Wis.). Based on counsel's success and the lack of any brief in opposition by Defendants, the court finds no reason to adjust the lodestar amount.

## CONCLUSION

For the reasons stated above, the court finds that Kapellusch's motion for attorneys' fees (ECF No. 18) is **GRANTED**. Kapellusch is awarded $9,555.00 in fees and $481.26 in costs.

**SO ORDERED** this  29th  day of January, 2019.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court